The judgment of the court was pronounced by
Slidell, J.
The plaintiff sold the defendant a lot of ground. The deed states, that for the price of $800 the vendor “ does by these presents grant, bargain, sell and convey, with such title as she may possess,” the lot of ground, &e.; describing it. For the price two notes were given, one of which the defendant has paid; upon the other this suit is brought. The answer alleges, that the note was given for the purchase of the lot; that the defendant subsequently sold it at the same price to James Andrews; that one Bowles has brought suit for the lot, and the defendant fears his vendee will be evicted. Wherefore he prayed that the plaintiff’s demand be rejected, and that he recover from the plaintiff the money already paid.
At the trial of the cause it appeared from the evidence, that the plaintiff had bought the lot at a sheriff’s sale upon fieri facias against C. A. Sewall, and that a petitory action for the lot had been brought against Andrews, Roach’s vendee, in which Andrews and Amelia M. Sewall were respectively called in warranty, which suit is still pending. It is not disputed, however, that Andrews is still in possession.
*684 There was judgment against the plaintiff upon his claim, and in favor of the defendant for the amount of the price already paid. The plaintiff has appealed.
At the trial, the plaintiff offered the testimony of the notary, before whom the deed of sale by the plaintiff to the defendant was executed, for the purpose of explaining the meaning intended to be conveyed by the parties by the expressions used in the deed, which we have already stated; and of showing, that the parties understood themselves, by those words, as excluding the obligation of warranty. We concur with the district judge in the opinion, that this evidence was inadmissible. The written language of the parties spoke for itself, We may add, that if the deed had contained words of exclusion of warranty, the seller would still have been liable in case of eviction for a restitution of price, unless he was aware at Ihé time of the sale of the danger of the eviction, and purchased at his peril and risk. C. C. 2481.
As the plaintiff had a title translative of property as her vendee, and the purchaser holding under him received and still holds possession of the property, and as the suit for eviction is still undetermined, we are of opinion that the court below erred in giving judgment for the defendant.
The court should have permitted the plaintiff to give security as ho offered to do; and, upon such security being furnished, should have given judgment for the amount claimed by the plaintiff. See C. C. 2535.
It is therefore decreed, that the judgment of the district court be reversed, and that this cause be remanded for further proceedings according to law; the costs of this appeal to be paid by the defendant.